*For reversal*—OGDEN. 1.

CITED *in Conover* v. *Stillwell*, 5 *Vr.* 57.

---

DEN, EX DEM. JOHN BLEAN, v. ALLEN B. MESSENGER.

A testator gave to his wife all his property during her widowhood, and disposed of the remainder in the following terms, viz. : "After the death or upon the marriage of my said wife, I do give, devise and bequeath all the estate, real and personal, hereinbefore given to my said wife to Henry Clew, the young man who is now, and has for a long time past lived with me, to him, his heirs and assigns forever, upon the express condition, however, that he, the said Henry Clew, do remain with me and my wife during our lives, and the life of the survivor of us, and continue to conduct himself in a proper manner." Henry Clew, the devisee, survived the testator, but died before the widow.

*Held*—That the requirement that H. Clew should remain with the testator and his wife during their lives, and the life of the survivor, constituted a condition precedent, which being unperformed, prevented the estate from vesting in him, the consequence being that it passed to the heir-at-law.

---

Writ of error to the Circuit Court of the county of Middlesex, returnable to November Term, 1850.

John Blean, the lessor of the plaintiff, claimed the premises in question as the heir-at-law of his father, Thomas Blean.

Thomas Blean, by his will duly executed, dated 27th August, 1838, disposed of his property as follows, to wit: In the first place I give, devise and bequeath to my beloved wife, Jane, all my estate, both real and personal, wheresoever and whatsoever, for, during and until the full end and term of her natural life ; provided she remain my widow, and do not marry again.

*Second.* After the death, or upon the marriage of my said wife I do give, devise, and bequeath all the estate, real and personal, hereinbefore given to my said wife, to Henry Clew, the young man who is now, and has for a long time past, lived with me, to him, his heirs and assigns forever, upon the express condition, however, that he, the said Henry Clew, do remain with me and my wife during our lives and the life of the survivor of us, and continue to conduct himself in a proper manner.

*Third.* In case the said Henry Clew should depart this life leaving me and my wife both him surviving, in that case I give, devise, and bequeath all my estate aforesaid to my said wife, Jane, her heirs and assigns forever.

*Fourth.* I give to my son, John Blean, a note which I hold against him for one hundred dollars, dated the twentieth day of October, 1837, and I do hereby direct my executors to deliver the same to him without demanding anything therefor.

*Lastly.* I do hereby nominate, &c., my wife, Jane, and Henry Clew, executors of this my last will and testament."

Henry Clew, the devisee named in this will, continued to live with the said Thomas Blean and his wife during their joint lives, and the life of the said Jane, who survived the said Thomas, until his death, and during the whole time continued to conduct himself in a proper manner.

Henry Clew, by his deed, dated 11th June, 1841, conveyed in fee the lands in dispute to Jane Blean, the widow, and departed this life on the 14th day of the same month of June, in the same year, leaving the said Jane Blean him surviving, who by her last will, duly executed, devised said lands to the defendant and his wife.

For plaintiff in error, *H. V. Speer* and *P. D. Vroom.*

For defendant, *J. W. Taylor.*

Beasley, Chief Justice. Both parties to this suit claim the lands in question, through one Thomas Blean who, it is admitted, died seized of them in fee. The lessor of the

plaintiff is his only child and heir-at-law, and claims in that capacity. The defendant asserts a title derived from one Henry Clew, who was a devisee under the will of the before mentioned Thomas Blean, the original owner. The entire controversy relates to the character of this devise.

The will gives all the testator's property, both real and personal, to his wife for her life, provided she remain unmarried, and after her death, or upon her marriage, to Henry Clew, his heirs, and assigns, forever, " upon this express condition, however," to use the language of the will, " that he, the said Henry Clew, do remain with me and my wife, during our lives, and the life of the survivor of us, and continue to conduct himself in a proper manner."

The insistment of the plaintiff is that Henry Clew, by force of this provision, took an estate dependent upon the performance of a condition precedent. If this be so, then the plaintiff must recover, as such condition was never executed, owing to the death of the devisee before the widow. On the other hand, the defendant contends that the condition was subsequent, which would entitle him to the property, since, if the estate once vested in Henry Clew, it could not be defeated by the non-performance of such condition in consequence of the unavoidable accident of his death. The case turns upon this point.

The question does not relate to technicalities. The terms used are not scientific, and whether this be a condition precedent or subsequent, is a matter of construction, and depends altogether on the intention of the testator. The testamentary clause to be expounded, with regard to its sense, stands alone, receiving no illustration from the context. Considering then the frame and language of this clause, what did the testator mean? did he intend that the acts required of Henry Clew should be requisite to the *acquisition*, or the means of the retention of the estate assigned to him?

My first observation on the subject is this: that it is undeniable that performance of a part of the prescribed condi-

tion necessarily preceded the acquisition of any interest in the land. The requisition is, that Henry Clew should live with the testator and his wife during their lives, and during this period was to conduct himself in a proper manner. As no estate could vest, by force of the will, until after the death of the testator, this part of the duty prescribed to the devisee, constituted, beyond all question, a condition precedent. If Henry Clew had failed to remain with the testator during the lifetime of the latter, no one will pretend that he would have had any title to this property, no matter whether such dereliction were the result of his own volition or of inevitable accident. So far, therefore, this condition is obviously precedent; in other words, it was the design of the testator, that Henry Clew should remain with him until his own, the testator's death, as a pre-requisite to his taking any interest in these lands. This being clear, what sign is there in this will indicative of an intention to bestow the estate antecedent to the performance of the residue of the condition? The language is, " the said Henry Clew do remain with me and my wife during our lives, and the life of the survivor of us," that is, no estate shall vest in Henry Clew unless he remain with me during the period of my life; so far the provision is clear; is there then anything in it to indicate that the performance of the devisee's duty to the widow is to follow and not to precede the vesting of the estate? If the testator had survived twenty years, Henry Clew could have made no claim under this will, except upon proof of performance during the whole period of the terms prescribed. Is there anything here to show that it was the design to give him the land on more favorable grounds if the wife of the testator survived? The acts to be done by the devisee are precisely the same whether the testator or his wife were the survivor; in the former case, such acts constituted a condition precedent, in the latter, no reason appears why the same result is not to obtain. This consideration is entitled to much, if not decisive weight.

The next circumstance to which I advert is, that the con-

dition designated in this clause was one which must have been performed, if performed at all, before the estate could have come into the actual possession of the devisee. This incident of the devise appears to bring it within the ordinary definition of estates dependent upon conditions precedent. "A condition precedent," says Chancellor Kent, 4 *Com.* 125, "is one which must take place before the estate can vest or be enlarged; as if a lease be made to B, to commence from the first day of May thereafter, upon condition that B paid a certain sum of money within the time." In the case now before the court, the estate is to commence in enjoyment in the future, that is, upon the death of the widow, and the act to be done must be performed before such death. In the example presented by the commentator, the payment of the money necessarily preceded the time when the possession of the property fell to the lessee; by force of the devise now considered, Henry Clew was obliged to execute the acts required of him before he could enter on the enjoyment of these lands. I do not think that in any case possessed of this characteristic, it has never been held that the condition was a subsequent one, unless when the context was clearly significant of such a purpose. This is certainly the test which has mainly influenced the decisions in many cases. It was treated as a consideration of the first importance in *Finley* v. *King's Lessee*, 3 *Pet.* 373. "He gives," says Chief Justice Marshall, speaking of the testator in that case, "the estate at that time, without requiring that the condition annexed to it should be previously performed. The estate, then, vests in possession whether the condition on which it was to depend be or be not performed. It cannot be supposed to have been his intention that the devisee should take possession under this devise before the interest vested in him." The very converse of this must be predicated of the present case; the estate is not given in possession to Henry Clew on the death of the widow without requiring that the condition annexed to it should be previously performed, nor could his estate vest in possession, whether the condition on which it was to de-

pend had or had not been performed; adopting this criterion the condition in the present testament is clearly precedent, and not subsequent. And by the application of the same rule, all the decisions cited by the counsel of the plaintiff are made distinguishable from the point of the present case. Upon careful analysis they will all, with one exception, be found to be cases in which the condition prescribed could be done either before or after the estate came in possession to the devisee. Such is the leading case of *Woodcock* v. *Woodcock, Cro. Eliz.* 795, where a leasehold was given upon condition that the devisee should pay such compensation as should be thought reasonable by the executors. The court agreed that this was a condition subsequent, as the executors might make an agreement as to the compensation with the devisee at any time, that is, either before or after his estate came to his possession. *Popham* v. *Bampfield,* 1 *Vern.* 79, is a kindred case, the devise being in trust for A. and his heirs male, with a proviso that A. should have no benefit unless his father should settle upon him a certain estate. This act of the father did not necessarily precede the vesting of the estate devised in the son, and the condition was declared to be subsequent. The text books contain a reference to many other cases which rest upon the same footing, and which exemplify the test now applied.

I have said the cases of this class seem to have been subordinated to this test, with one exception. This exceptional adjudication is *Jones* v. *Doe,* 1 *Scam.* 276. It was a devise of lands to A and B after the death of the testator's wife, if they should continue to live with her and be bound to her as servants until they were married. I have found neither precedent nor principle which appears to justify the conclusion of the court, that this condition was a subsequent one.

On the other hand, the cases are numerous and of weight, in which the quality of this devise, that is, that the fact constituting the condition must be executed antecedently to the vesting of the possession of the devisee, has received marked attention in the construction of testamentary dispositions.

The following may be cited as examples: *Acherly* v. *Vernon, Willes* 153; *Vanhorne* v. *Dorrance,* 2 *Dall.* 317; *Johnson* v. *Castle, Winch* 116; *S. C.,* 8 *Vin.* 104, *pl.* 2; *Reeves* v. *Horne,* 5 *Vin. Ab.* 343, *pl.* 41; *Slack* v. *Smiley,* 25 *Maine* 205; *Taylor* v. *Mason,* 9 *Wheat.* 325.

There are other peculiarities in the testamentary clause which tend in the direction above indicated, and which should not be overlooked. Thus, it will be observed, that the words of the devise do not, in their strict and usual signification, import a present gift to Henry Clew, but, to the contrary, the expression is, " after the death, or upon the marriage of my said wife, I do give, devise, and bequeath," &c. Thus, it appears, the land is not given until the end of the period of performance by the devisee of the condition which entitles him to the property. This fact, therefore, that by force of the language employed, in the absence of the application of technical rules, the property is not given until the time for the execution of the terms of the gift expires, would seem strongly to imply that performance of such terms should be anterior to the vesting of the estate. This is the natural import of the language used.

But again, and in the last place, this devise is founded, apparently, to some extent, on a consideration to be given by the devisee. Henry Clew was a stranger to the blood of the testator; he had been living with him some time before the date of the will, and what the testator required was, that he should conduct himself properly, and continue to remain with him and his wife, and the survivor of them. The duty thus imposed was the equivalent to be rendered for the land. It was in the nature of a consideration for the land, and, regarded in this light, it would clearly constitute a condition precedent. This doctrine is asserted with emphasis in the case already cited of *Acherly* v. *Vernon, Willes* 153.

On the whole case, I think the devise of this property to Henry Clew depended on the performance of a condition precedent, and which never having been performed, no estate vested in him, and that consequently the heir-at-law must take the land.

*For reversal*—The CHANCELLOR, CHIEF JUSTICE, BEDLE, DEPUE, WOODHULL, CLEMENT, KENNEDY, OLDEN, VAIL, WALES. 10.

*For affirmance*—OGDEN. 1.